**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4707**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN LAMONT TURNER,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, District Judge.  (3:07-cr-00013-nkm-1)

Submitted:  October 14, 2008      Decided:  November 10, 2008

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Frederick T. Heblich, Jr., Assistant Federal Public Defender, Christine Madeleine Spurell, Research and Writing Attorney, for Appellant.  Julia C. Dudley, Acting United States Attorney, Ronald M. Huber, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Lamont Turner appeals the district court's judgment after sentencing him for violating the terms of his supervised release. Turner argues that the twelve-month sentence was plainly unreasonable given that he had a job and entered a drug treatment program. Finding no error, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). This court explained that it must first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39 (internal citation omitted); see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'"). If this court concludes that a sentence is reasonable, it should affirm the sentence. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is

2

*plainly* unreasonable."   Id.; see Finley, 531 F.3d at 294. Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2008), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum."  Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

We find no procedural or substantive error with respect to the sentence and further find the sentence was reasonable.  Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED